UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION,<br><br>    Defendant. | Case No. 1:23-cv-00690-RDB |

**DEFENDANT THE UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant The University of Maryland Medical System Corporation ("UMMS") respectfully requests, in reviewing its accompanying Response in Opposition to Plaintiff's Motion to Remand ("Opposition"), the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the following materials:

1. Attached hereto as **Exhibit 1** is a true and correct copy of an Office of the National Coordinator for Health Information Technology ("ONC") report titled, *Federal Health Information Technology Strategic Plan: 2011–2015*, published in September 2011. The report is publicly available at https://www.healthit.gov/sites/default/files/utility/final-federal-health-it-strategic-plan-0911.pdf.

2. Attached hereto as **Exhibit 2** is a true and correct copy of Centers for Medicare and Medicaid Services ("CMS") guidance titled, *Promoting Interoperability Programs*.

1

   The guidance is publicly available at https://www.cms.gov/regulations-and-guidance/legislation/ehrincentiveprograms.

3. Attached hereto as **Exhibit 3** is a true and correct copy of a CMS tip sheet titled, *Medicaid EHR Incentive Program: Modified Stage 2 Patient Electronic Access* (Nov. 2016). The tip sheet is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Downloads/Medicaid2017_PatientElectronicAccessTipsheet.pdf.

4. Attached hereto as **Exhibit 4** is a true and correct copy of a CMS tip sheet titled, *Medicaid EHR Incentive Program: Modified Stage 3 Patient Electronic Access to Health Information* (Nov. 2016). The tip sheet is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Downloads/MedicaidStage3_PatientElectronicAccessTipsheet.pdf.

5. Attached hereto as **Exhibit 5** is a true and correct copy of Executive Order No. 13335, 69 Fed. Reg. 24,057 (Apr. 27, 2004). The Executive Order is publicly available at https://www.federalregister.gov/documents/2004/04/30/04-10024/incentives-for-the-use-of-health-information-technology-and-establishing-the-position-of-the.

6. Attached hereto as **Exhibit 6** is a true and correct copy of an excerpt of an article titled, *The Decade of Health Information Technology: Delivering Consumer-Centric and Information-Rich Health Care*, authored by Tommy G. Thompson and

David R. Brailer, dated July 21, 2004.  The article is publicly available at https://permanent.fdlp.gov/gpo800/hitframework.pdf.

7. Attached hereto as **Exhibit 7** is a true and correct copy of a Congressional Research Service report titled, *The Health Information Technology for Economic and Clinical Health (HITECH) Act*, authored by C. Stephen Redhead, dated April 27, 2009. The report is publicly available at https://crsreports.congress.gov/product/pdf/R/R40161/9.

8. Attached hereto as **Exhibit 8** is a true and correct copy of an excerpt of the Federal Register with CMS's final rule for "Medicare and Medicaid Programs; Electronic Health Record Incentive Program." 75 Fed. Reg. 144, 44314 (July 28, 2010) (codified at 42 C.F.R. Parts 412, 413, 422, and 495).

9. Attached hereto as **Exhibit 9** is a true and correct copy of a CMS tip sheet titled, *EHR Incentive Programs for Eligible Professionals: What You Need to Know for 2015 Tipsheet*. The tip sheet is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Downloads/2015_NeedtoKnowEP.pdf.

10. Attached hereto as **Exhibit 10** is a true and correct copy of CMS guidance titled, *Eligible Professional Medicaid EHR Incentive Program Stage 3 Objectives and Measures, Objective 6 of 8*. The guidance is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Downloads/MedicaidEPStage3_Obj6.pdf.

11. Attached hereto as **Exhibit 11** is a true and correct copy of a CMS information sheet titled, *EHR Incentive Programs Audits Overview*. The information sheet is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Downloads/AppealsAudits_EHRAuditsOverview-.pdf.

12. Attached hereto as **Exhibit 12** is a true and correct copy of CMS audit and appeals procedure for the Meaningful Use program titled, *Audits and Appeals Overview*. The procedure is publicly available at https://www.cms.gov/Regulations-and-Guidance/Legislation/EHRIncentivePrograms/Appeals_Audits.

13. Attached hereto as **Exhibit 13** is a true and correct copy of an ONC fact sheet provided by the National Learning Consortium titled, *How to Optimize Patient Portals for Patient Engagement and Meet Meaningful Use Requirements* (May 2013). The fact sheet is publicly available at https://www.healthit.gov/sites/default/files/nlc_how_to_optimizepatientportals_for_patientengagement.pdf.

14. Attached hereto as **Exhibit 14** is a true and correct copy of an ONC report titled, *2020–2025 Federal Health IT Strategic Plan*, published in October 2020. The report is publicly available at https://www.healthit.gov/sites/default/files/page/2020-10/Federal%20Health%20IT%20Strategic%20Plan_2020_2025.pdf.

15. Attached hereto as **Exhibit 15** is a true and correct copy the ONC's official *Patient Engagement Playbook*. The playbook is publicly available at https://www.healthit.gov/playbook/pe/.

16. Attached hereto as **Exhibit 16** is a true and correct copy of CMS's website privacy policy, which is publicly available at https://www.cms.gov/privacy.

17. Attached hereto as **Exhibit 17** is a true and correct copy of Department of Health and Human Services ("HHS") guidance titled, *Third Party Websites and Applications Privacy Impact Assessment—Facebook Ads*. The guidance is publicly available at https://www.hhs.gov/pia/third-party-websites-and-applications-pia-facebook-ads.html.

18. Attached hereto as **Exhibit 18** is a true and correct copy of an article from The Commonwealth Fund titled, *What Is the Status of Electronic Health Records?*, published on June 5, 2020. It is publicly available at https://www.commonwealthfund.org/international-health-policy-center/system-features/what-status-electronic-health-records.

A district court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b); *see also Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). Proper subjects of judicial notice are "matters of public record," which include materials available on websites. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *United States v. Garcia*, 855 F.3d 615, 621–22 (4th Cir. 2017).

Courts routinely take judicial notice of information on federal government websites. *See Garcia*, 855 F.3d at 621–22 ("The district court acted well within its discretion when it took judicial notice of the facts contained on the government website."); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (noting that the Court may properly take judicial notice of publicly available information on an official state government website); *Mealey v. Balt. City Police Dep't*,

No. 1:21-CV-02332-JRR, 2023 WL 2023262, at *4 (D. Md. Feb. 15, 2023) ("[T]he court may take judicial notice of publicly available information on state and federal government websites."). This extends to official reports published on government websites. *See United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988) ("[C]ourts may take judicial notice of official governmental reports and statistics"); *Lee v. Va. State Bd. of Elections*, 188 F. Supp. 3d 577, 606 n.16 (E.D. Va. May 19, 2016) (same). Courts likewise routinely take judicial notice of the contents of the Federal Register and Executive Orders. *United States v. Ahlstrom*, 530 Fed. Appx. 232, 239 n.5 (4th Cir. 2013) (finding a list of approved devices "published in the Federal Register" subject to judicial notice); *Golding v. United States*, 219 F.2d 109, 110 (4th Cir. 1995) (finding it "clear" that the Court could take judicial notice of regulations contained in the Federal Register); *Mobley v. Underwood*, No. CV 0:19-3223-JFA-SVH, 2021 WL 694844, at *1 n.1 (D.S.C. Feb. 23, 2021) ("The court takes judicial notice of the executive order as a matter of public record.") (citing *Philips*, 572 F.3d at 180). Indeed, by statute, "[t]he contents of the Federal Register shall be judicially noticed." 44 U.S.C. § 1507. Courts will also take judicial notice of published articles publicly available, as their accuracy cannot be reasonable questioned. *See Fitzgerald v. Penthouse Intern., Ltd.*, 525 F. Supp. 585, 595 n.41 (D. Md. 1981) (taking judicial notice of an article published in a magazine that "was distributed nationally") (citing Fed. R. Evid. 201(b)).

Accordingly, the Court may take judicial notice of all exhibits attached herein. Exhibits 1, 7, and 14 are reports made publicly available on federal government websites. *See Cecil*, 836 F.2d at 1452; *Lee*, 188 F. Supp. 3d at 606 n.16. Exhibits 2, 3, 4, 6, 9, 10, 11, 12, 13, 15, 16, and 17 consist of guidance, information, and articles made publicly available on federal government websites. *See Garcia*, 855 F.3d at 621–22; *Hall*, 385 F.3d at 424 n.3; *Mealey*, 2023 WL 2023262 at *4. Exhibit 8 is a publicly available excerpt from the Federal Register, and Exhibit 5 is an

Executive Order, also available in the Federal Register. *See* 44 U.S.C. § 1507; *Ahlstrom*, 530 Fed. Appx. at 239 n.5; *Golding*, 219 F.2d at 110; *Mobley*, 2021 WL 694844, at *1 n.1. Finally, Exhibit 18 is an article published on a publicly available website. *See Fitzgerald*, 525 F. Supp. at 595 n.41. Thus, the accuracy of these exhibits "is not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Accordingly, UMMS respectfully requests that the Court take judicial notice of the documents submitted concurrently with this Request, in conjunction with UMMS's Opposition.

Dated: May 10, 2023                                   Respectfully Submitted,

/s/ *Andrew S. Tulumello*
Andrew S. Tulumello (Bar No. 15494)
Jason N. Kleinwaks (*pro hac vice*)
Sydney Hargrove (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW #600
Washington, DC 20036
(202) 682-7000
(202) 857 0940 (Fax)
drew.tulumello@weil.com
jason.kleinwaks@weil.com
sydney.hargrove@weil.com

David R. Singh (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3010
(650) 802-3100 (Fax)
david.signh@weil.com

*Attorneys for Defendant University of Maryland Medical System Corporation*

7

## CERTIFICATE OF SERVICE

    I hereby certify that on this 10th day of May, 2023, a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system.

                                                                  */s/ Andrew S. Tulumello*
                                                                  Andrew S. Tulumello